2025 IL App (1st) 242060-U

No. 1-24-2060

Order filed May 16, 2025

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| (VETERAN) ADMIRAL MS. HELENE TONIQUE LAURENT MILLER, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| | ) | No. 2023M1111701 |
| v. | ) ) | |
| | ) | Honorable |
| GUARDIAN SECURITY SERVICES, | ) ) | Scott Norris, Judge, presiding. |
| Defendant-Appellee. | ) | |

JUSTICE MITCHELL delivered the judgment of the court.
Justice Oden Johnson and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's grant of defendant's motion for summary judgment is affirmed where there were no issues of material fact and plaintiff's claims failed as a matter of law.

¶ 2    Plaintiff, (Veteran) Admiral Ms. Helene Tonique Laurent Miller, appeals the circuit court's grant of defendant Guardian Security Service's motion for summary judgment on her breach of contract and discrimination claims. Plaintiff raises the following issues on appeal: (1) did the circuit court err in granting summary judgment as to plaintiff's breach of contract claim? (2) did the circuit court err in granting summary judgment as to plaintiff's discrimination claim? and (3)

did the circuit court violate plaintiff's procedural due process rights? For the reasons discussed below, we affirm.

¶ 3                                       I. BACKGROUND

¶ 4      In 2023, defendant posted a job listing to Indeed.com for a security officer position. The job listing was for "afternoon [and] overnight shifts." In May, plaintiff applied for the position. In her application, plaintiff said she desired "part time" hours and was available for the "day shift (8am – 4pm)." Plaintiff received a rejection from defendant via email a few days later.

¶ 5      Plaintiff filed a *pro se* claim for breach of contract on May 23, also alleging a violation of her human rights. She alleged that defendant denied her the job it had offered due to her identity as a disabled woman. Defendant filed a motion for summary judgment, which the circuit court granted. Plaintiff filed a motion to vacate the summary judgment, which the circuit court treated as a motion to reconsider. The circuit court denied plaintiff's motion, and this timely appeal followed. Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 6                                       II. ANALYSIS

¶ 7      Plaintiff argues that the circuit court erred in granting defendant's motion for summary judgment. Summary judgment should be granted if the moving party is entitled to a judgment as a matter of law based on the record. 735 ILCS 5/2-1005(c) (West 2022). Summary judgment should not be granted if undisputed material facts could lead to differing conclusions or if material facts are in dispute. *Pielet v. Pielet*, 2012 IL 112064, ¶ 53. The standard of review for a circuit court's grant of summary judgment is *de novo*. *Suburban Real Estate Services, Inc. v. Carlson*, 2022 IL 126935, ¶ 15.

¶ 8 Plaintiff argues that the circuit court should not have granted defendant's motion for summary judgment on her breach of contract claim because there were contested questions of material fact. She contends she was offered a job by defendant which she accepted. Defendant argues there was never a contract because it was only extending an invitation to offer, and no contract for employment was ever formed.

¶ 9 Breach of contract requires: (1) a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) injury to the plaintiff. *Gonzalzles v. American Express Credit Corp.*, 315 Ill. App. 3d 199, 206 (2000). A valid contract requires an offer, acceptance, and consideration. *Steinberg v. Chicago Medical School*, 69 Ill. 2d 320, 329 (1977). Advertisements are typically only an invitation to deal on the advertised terms until the merchant accepts the consumer's offer to purchase. *Id*. at 329-30. In *Steinberg*, the supreme court held that a brochure inviting students to apply to attend medical school became a contract once the school accepted the application fee, but was only a contract to be appraised on the criteria stated in the brochure, not to be admitted. *Id*. at 330.

¶ 10 Here, defendant posted a job listing and stated the requirements for the job. There is no allegation in the complaint that defendant failed to appraise plaintiff's application on the criteria stated in the posting. The job posting stated it was for afternoon and night shifts. Plaintiff's application stated she was only available for day shifts. Plaintiff never denied that is what her application stated, nor did she say that she was also available for the shifts listed in the job posting. There is no question of material fact that plaintiff did not satisfy the requirements in the posting and that defendant could have rejected her application on those grounds. Therefore, the circuit

court did not err in granting defendant's motion for summary judgment on plaintiff's breach of contract claim.

¶ 11 Plaintiff also argues that the circuit court should not have granted defendant's motion for summary judgment on her discrimination claim because there were contested questions of material fact. Plaintiff argues that defendant refused to hire her after learning she was disabled and a woman. Defendant contends plaintiff's application was denied because it did not match what was requested in the job posting.

¶ 12 Plaintiff's pleadings on discrimination are vague. Although her discrimination claim was never specifically pleaded as a separate count, allegations that defendant's actions were motivated by discriminatory intent are present throughout her pleadings. "We liberally construe pleadings with a view to doing substantial justice between the parties." *Papadakis v. Fitness 19 IL 116, LLC*, 2018 IL App (1st) 170388, ¶ 21. Plaintiff asserts she was discriminated against in violation of Title VII of the Civil Rights Act. 42 U.S.C. § 2000e *et seq*. (West 2022). Establishing a *prima facie* case of discrimination under Title VII, a failure-to-hire plaintiff must show: (1) she was a member of a protected group; (2) she applied for and was qualified for the position; (3) she did not receive the position; and (4) those who were hired were not in the protected group and had similar or lesser qualifications for the position. *Lawhead v. Ceridian Corp.*, 463 F. Supp. 2d 856, 862 (N.D. Ill. 2006) (See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). If the *prima facie* case can be shown, the defendant may offer a "legitimate, non-discriminatory reason for failing to hire the plaintiff." *Id*. at 863. If such a reason is given, "plaintiff must show that there is a question of fact as to whether the proffered reason was a pretext." *Id*.

¶ 13     Here, plaintiff's application stated she was only available for day shifts, not the afternoon and night shifts listed in the posting. Whether she would be otherwise qualified for the position is irrelevant because the posting was restricted to specific shifts for which she was unavailable. Therefore, there are no questions of material fact, and plaintiff's claim fails as a matter of law. The circuit court did not err in granting defendant's motion for summary judgment on the discrimination claim.

¶ 14     Finally, plaintiff asserts that the circuit court violated her right to procedural due process by not vacating the order for summary judgment to allow her to amend her complaint. Both the federal and state constitutions provide that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const., amend. XIV, § 1; Ill. Const. 1970, art. I, § 2. Because this issue addresses the constitutionality of the process, it is reviewed *de novo*. *Wingert by Wingert v. Hradisky*, 2019 IL 123201, ¶ 28. Procedural due process requires there be "procedural safeguards" to protect those interests from arbitrary government action. *Id.* ¶ 29. Defendant filed a motion for summary judgment. Plaintiff responded and appeared at the hearing on the motion for summary judgment. After the circuit court issued its order, she filed a motion to vacate. After another hearing, her motion to vacate was denied. Other than dissatisfaction with the outcome, plaintiff points to no deficiency in the due process she was afforded. Therefore, the circuit court did not violate plaintiff's procedural due process rights.

¶ 15                                    III. CONCLUSION

¶ 16     The judgment of the circuit court of Cook County is affirmed.

¶ 17     Affirmed.